UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No. 5:14-cv-276-FL

| | |
|---|---|
| ERIN ELIZABETH BRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CONSENT PROTECTIVE ORDER** |
| ) | |
| TOWN OF WAKE FOREST, a political ) | |
| sub-division of the State of North Carolina ) | |
| ) | |
| Defendant. ) | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure the parties in this case, by and through their undersigned counsel, stipulate to the entry of this Consent Protective Order allowing the release of certain confidential personnel records and medical information. This case arises out of Plaintiff's termination of employment from the Town of Wake Forest. Plaintiff asserts various claims including Title VII Pregnancy Discrimination, Violation of the Americans with Disabilities Act ("ADA"), and Wrongful Discharge in Violation of Public Policy. It is anticipated that discovery exchanged in this matter may involve personnel records made confidential pursuant to N.C. Gen. Stat. § 160A-168 and medical information protected by Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 45 CFR 164.512(e), *et al* and the ADA.

This Order governs the handling and disclosure of all materials produced, given, or filed herein by the parties and designated as "CONFIDENTIAL." For purposes of this Order, CONFIDENTIAL INFORMATION includes, but is not limited to, confidential personnel and medical information pursuant to N.C. Gen. Stat.§ 160A-168, HIPAA, and the ADA.

1

**WHEREFORE, IT IS HEREBY ORDERED that:**

1. "CONFIDENTIAL INFORMATION" as used herein includes, but is not limited to:

    a. All information and documents that are not public record and are made confidential by N.C. Gen. Stat. § 160A-168;

    b. Any documents or information which are contained in a personnel file maintained by any party; and

    c. Any documents or information concerning accommodations made by the Defendant for current or former employees due to medical need.

2. With regard to Plaintiff's request for information regarding current and former employees who have been placed on light duty assignment for the past five years, the reason(s) for the light duty assignment, and modifications made to the employees' essential job functions, Defendant may produce this information without identifying the current or former employee by name. Instead, Defendant is authorized to provide this information using a letter or number identifier for each employee.

3. Defendant may provide information regarding accommodations made for the two specific individuals identified in Plaintiff's First Set of Interrogatories and Request for Production of Documents after providing the individuals with notice of the request for information, fourteen days to object to the release of information, and resolution by the Court of any objection made by the individuals.

4. The documents and information produced by the parties that contain confidential information shall be marked 'CONFIDENTIAL" by the parties. The confidential documents, including copies of summaries thereof, shall be disclosed only for official use in this action, and for no other purpose whatsoever.

5. The CONFIDENTIAL INFORMATION shall not be otherwise reviewed, disclosed, or release to anyone other than:

   a. The Court;

   b. Counsel for the parties to this action, their legal assistants and other staff members and employees;

   c. Experts or consultants retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action;

   d. Court reporters or videographers engaged to record depositions, hearings or trial in this action; and

   e. Outside companies engaged by counsel for the parties to photocopy such documents.

6. Disclosure of CONFIDENTIAL INFORMATION pursuant to this Order shall be handled as follows:

   a. Any person described in subparagraphs 5a, 5b, 5d, or 5e of this Order is bound by the provisions of this Order without the necessity of executing a separate confidentiality agreement;

   b. With respect to disclosures to any person set forth in subparagraph 5c of this Order, the party disclosing the CONFIDENTIAL INFORMATION shall inform any persons to whom disclosure is made that CONFIDENTIAL INFORMATION shall be used for the purposes of the prosecution or defense of this action only, and that said person shall be bound by the terms of this Order and shall execute an Agreement to be bound by this Order. The parties shall obtain from such persons a written statement in the form of <u>Exhibit A</u>, attached hereto. A record of all persons to whom disclosures are made shall be kept and all the written statements signed by those persons shall be retained in the possession, custody, and control of counsel by whom the person is retained. All CONFIDENTIAL INFORMATION, and any documents containing information derived therefrom, including copies of such documents, shall be returned to counsel by persons given access to them as soon as practicable.

7. The production or disclosure of CONFIDENTIAL INFORMATION pursuant to the terms of this Order by the producing party shall not be construed as prohibiting or restricting

the use of CONFIDENTIAL INFORMATION during depositions, any hearing, the trial of this matter, or any appellate proceeding. Similarly, no party shall be deemed to have waived any objections as to the relevancy, admissibility, discoverability, or any other objection under the Federal Rules of Civil Procedure or the Federal Rules of Evidence in connection with any proceeding in this action.

8. No CONFIDENTIAL INFORMATION produced pursuant to this Order shall be used for any purpose other than for relevant and proper conduct of this litigation.

9. If any such CONFIDENTIAL INFORMATION is used in connection with a deposition or other discovery or documents filed with the court, or are quoted or referenced in any memorandum, pleading, or other paper filed with the Court, the deposition transcript, filing, or paper shall be submitted to the court with a request that the document be placed under seal and appropriately marked to indicate that the transcript, filing, or paper is subject to the terms of this Order, or redacted so as to eliminate sensitive personal information.

10. The designation of information as CONFIDENTIAL INFORMATION by the designating party shall not be deemed an admission by the receiving party that such information is entitled to that designation. Any challenge to the designating party's confidentiality designation shall be made as promptly as the circumstances permit, but no later than thirty (30) days after the receipt of the designated CONFIDENTIAL INFORMATION by the receiving party.

(a) A party wishing to challenge a confidentiality designation shall begin the process by conferring directly with counsel for the designating party. The challenging party must explain why it believes the confidentiality designation is improper. The designating party shall have five (5) business days in which to review the designated material and either re-designate the

material or explain the basis for the chosen designation. A challenging party may not proceed to the next stage of the challenge process unless it has met and conferred, or attempted to meet and confer, with the designating party.

(b) If the parties are unable to informally resolve a challenge to a particular designation, the challenging party may file and serve an appropriate Motion to the Court that identifies the challenged CONFIDENTIAL INFORMATION and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the designating party in the meet and confer dialogue. The designating party shall have the right to file and serve an appropriate response to the Court. Until the Court rules on the challenge, the material in question shall continue to be treated as confidential under the terms of this Order.

11. The designation of documents or information as "CONFIDENTIAL INFORMATION" shall not be conclusive for purposes of the substantive issues in this case.

12. The inadvertent, unintentional, or <u>in camera</u> disclosure of CONFIDENTIAL INFORMATION shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

13. Within sixty (60) days after entry of final judgment or dismissal in this litigation (including appeals or petitions for review), the parties' counsel, their staff, and all experts and/or consultants for the parties shall return all CONFIDENTIAL INFORMATION produced pursuant to this Order (including all copies of the same) to the party producing said information or shall destroy the same with a written confirmation by the party's counsel of record that all such

5

Case 5:14-cv-00276-FL   Document 34   Filed 11/10/15   Page 5 of 9

information and copies of the same have, in fact, been returned or destroyed; provided, counsel shall be permitted to maintain such information for their case files, which shall continue to be subject to the terms of this Order.

14. Each person who receives CONFIDENTIAL INFORMATION submits himself or herself to the personal jurisdiction of this Court, wherever he or she shall be, for the enforcement of the provisions contained in this Order.

15. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

16. Nothing in this Order shall require disclosure of material which the conveying party contends is protected from disclosure by the attorney-client privilege, or constitutes attorney work product materials.

17. Either party may at any time seek modification of this Protective Order by agreement, or failing agreement, by motion to the Court.

WE CONSENT: Date: November 10, 2015

6

Case 5:14-cv-00276-FL   Document 34   Filed 11/10/15   Page 6 of 9

/s/ Mikael R. Gross
Mikael R. Gross
N.C. State Bar No. 32701
Law Offices of Mikael R. Gross
1501 Ramson Court
Raleigh, NC 27603-9299
Telephone: (919) 791-5887
Facsimile: (919) 803-3800
E-mail: grosslawoffices@gmail.com
*Attorney for Plaintiff*

/s/ Katie Weaver Hartzog
Katie Weaver Hartzog
N.C. State Bar No. 32989
Cranfill Sumner & Hartzog LLP
Post Office Box 27808
Raleigh, NC 27611-7808
Telephone: (919) 828-5100
Facsimile: (919) 828-2277
E-mail: khartzog@cshlaw.com
*Attorney for Defendant*


**Approved by:**

___/s/ Louis W. Flanagan___                                    _____11/10/2015_____
U.S. DISTRICT COURT JUDGE                                      Date
Eastern District of North Carolina

7

## **EXHIBIT A**

This is to certify that the undersigned has received and reviewed a copy of the Consent Protective Order entered by this Court with regard to the review of CONFIDENTIAL INFORMATION.

This is also to certify that the undersigned agrees to comply with the terms of said Protective Order, and that the undersigned will not disclose any CONFIDENTIAL INFORMATION to any person or entity, with the exception of the following qualified recipients:

1. The Court presiding and its officers;

2. Counsel of record and employees of counsel of record;

The undersigned agrees to maintain the CONFIDENTIAL INFORMATION reviewed pursuant to this undertaking in confidence, and agrees that such information shall not be used for any purpose other than the prosecution or defense of the pending litigation.

The undersigned further agrees not to disclose any CONFIDENTIAL INFORMATION to any other persons except in accordance with the above.

The undersigned further agrees that following its review of this CONFIDENTIAL INFORMATION, it will return all originals and copies of this information to counsel of record, and will not maintain any documents relative to its review of the CONFIDENTIAL INFORMATION beyond the conclusion of this case.

Finally, the undersigned understands that any violation of the terms of the Protective Order previously entered by this Court could result in sanctions by the Court, including, but not limited to, the use of the Court's contempt powers.

Agreed to and signed this the \_\_\_\_ day of _____, 2015.

_____
Signature

_____
Printed Name